CHIEF JUSTICE HARDIN
delivered the opinion of the court.
This action is founded on the following stipulation of a contract entered into by the parties on the 21st of January, 1865, for leasing to the appellant the privilege of using the appellee’s land to bore and excavate for oil, and if successful *258 to remove the same, paying one eighth part thereof to the appellee as royalty.
“The party of the second part covenants to commence operations for said mining purposes within twelve months from the execution of this lease, or thereafter pay to the party of the first part twenty-five dollars per annum until work is commenced.”
The defendant by his answer pleaded that, notwithstanding the form of this stipulation, the contingent obligation to pay the twenty-five dollars per annum was not intended as a covenant for liquidated damages, but as a penalty merely, enforceable according to the damage which might be sustained by the breach of the covenant to commence operations; and the fact being satisfactorily established, by many unsuccessful attempts to obtain oil in the same locality, that operations under the contract in this case would have resulted only in loss and inconvenience to both "parties, the plaintiff was therefore entitled to no recovery. He, moreover, sought by appropriate cross-pleading to be relieved in equity from the contract entirely, on the ground that it was executed in consequence of a mutual mistake of himself and the plaintiff as to the existence of oil on the plaintiff’s land. The evidence is, we think, sufficient to sustain the allegation of the answer; but the court below holding, as we presume, the obligation above set out to be a covenant for liquidated damages, rendered a judgment for the plaintiff, from which this appeal is prosecuted.
It is, as we conceive, correctly said in the case of Schute v. Taylor (5 Metcalf, Mass., 61) that “the question what is liquidated damages and what a penalty is often a difficult one. It is not always the calling of a sum to be paid for breach of contract liquidated damages which makes it so. In general it is the tendency and preference of the law to regard a sum stated to be payable, if a contract is not fulfilled, as a penalty, and not as liquidated damages, because then it may be *259 apportioned to the loss actually sustained.” This doctrine being, as we conceive, applicable to this case, and it not appearing from the evidence that the appellee would in any reasonable probability have been benefited by a compliance with the undertaking to commence operations by boring or mining for oil on his land, he should in no event have recovered more than nominal damages for the breach of appellant’s covenant; but the case should have been transferred to equity for preparation and trial on the appellant’s claim to be relieved for mistake in the contract.
Wherefore the judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.